**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD SHAW,**
Plaintiff

CA 06 233 ML
C.A. No.______________

v.

**LINCOLN EDUCATIONAL SERVICES CORPORATION; CAREER EDUCATION INSTITUTE**
Defendants

**COMPLAINT AND DEMAND FOR TRIAL**

**INTRODUCTORY STATEMENT/NATURE OF THE ACTION**

This action is commenced by **Richard Shaw** (hereafter "Shaw" or "Plaintiff") against **Lincoln Educational Services Corporation and Career Education Institute** (hereafter "Lincoln" or "Employer" or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1). All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so

related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

a) the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;

b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business, within this judicial district; and

c) the Plaintiff would currently be employed by the Defendants at its owned and operated place of business in Lincoln, Rhode Island, Career Education Institute ("CEI"), within this judicial district, as a full-time employee, but for the Defendant's unlawful employment practices.

4. On or about September 7, 2005, Plaintiff timely filed a formal Charge of Discrimination with the State of Rhode Island Commission For Human Rights ("RCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination and related retaliation on the basis of his disability status. (RICHR #06EMD 064-50/50; EEOC # 16JA500262).

5. In timely fashion, Plaintiff requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

## PARTIES

6. The Plaintiff, Richard Shaw, an individual, is a citizen and resident of the Town of Attleboro, Massachusetts.

7. On information and belief, Lincoln Educational Services Corporation, and/or its successors or assigns, (hereinafter referred to as "Defendant") is a foreign corporation, authorized by appropriate state authority to conduct business in the State of Rhode Island. Upon reasonable information and belief, the Defendant Lincoln Educational Services Corporation owns and operates a principal place of business, Career Education Institute ("CEI"), located at 622 George Washington Highway, Lincoln, RI 02865, at which location the Plaintiff was employed at all times material to this Complaint. The above-referenced Defendants were/are sufficiently joined and intertwined in terms of ownership, corporate direction and control, workplace policies and procedures, labor relations administration, financial control, recordkeeping, and other pertinent indicia of common ownership and control to be considered one single employer or, in the alternative, joint employers for purposes of all claims at issue in this action, and therefore to be held jointly and severally liable.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode Island and at its other locations throughout the United States.

9. At all times material to the allegations of this Complaint, the Defendants were and are an employer within the pertinent provisions of the ADA, as defined in Sec. 101(2) of the ADA, 42 USC. Sec 1211(2); and as applicable to pertinent provisions of Title VII. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, holding the status of an "individual" under the pertinent provisions defining that term, and qualifies as a person with a disability under 42 USC 12112(a).

10. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11. At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and any other state or federal statutes referenced in this Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2).

12. At all times material to the allegations of this Complaint, the Plaintiff was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a).

13. The Plaintiff held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because he:

a. has a physical or emotional impairment that substantially limits one or more of his major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendant as having such an impairment.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff had been employed by the Defendant consecutively, and on a full-time basis for approximately 2 years.

16. At the time of his termination, Shaw held the position of Academic Dean, and at all times performed his duties in a satisfactory manner, exceeding the Defendants' legitimate expectations in all significant respects.

17. At all times material to the allegations of this Complaint, except for a brief period during which he was on an approved medical leave, Plaintiff was been able, with or without reasonable accommodation, to perform the essential functions of his position.

18. At all times material to the allegations of this Complaint, Plaintiff suffered from certain medical impairments, including, but not limited to, severe stress and resulting medical limitations. Defendants were fully apprised and informed by the Plaintiff regarding his medical impairment(s).

19. Plaintiff's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to concentrate, his ability to sleep, his ability to think, as well as his ability to work.

20. On or about June 21, 2005, Shaw commenced a medical leave of absence, with appropriate documentation provided by his treating physician. This leave was directed by Shaw's medical care providers, qualifies as a reasonable accommodation to his medical condition(s) and impairment(s), and was his legal entitlement under applicable state and federal medical leave statutes.

21. Shaw provided documentation indicating that he was under medical care and specifying the exact periods during which he required a medical leave from his employment. That leave was not anticipated to extend beyond 12 weeks, or any period to which he was entitled under the provisions of the federal FMLA and its state law counterpart or the employer's existing policies relative to employee medical leave.

22. On or about July 21, 2005, Shaw was terminated while he was on medical leave, allegedly for having failed to comply with certain obligations imposed by the Defendants regarding his medical leave.

23. The Defendants discriminated against Plaintiff because of his medical leave/disability status; and also retaliated against the Plaintiff because, while on medical leave, he cooperated with another previously discharged employee, Vivianne C. Baillargeon, by agreeing to provide testimony on her behalf in the context of a hearing before the Rhode Island Department of Labor and Training.

24. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and terminated him, as a result of his disability status, his medical leave status, and/or to retaliate against him.

25. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Termination**
**Failure To Accommodate**
**Retaliation**

26. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

27. At all times material to the allegations of this Complaint, Plaintiff was a qualified individual with a disability within the meaning of ADA, in that he had a physical or mental impairment that substantially limits one or more of his major life's activities, had a record of such an impairment, and/or was regarded by Defendants as having such an impairment.

28. Despite his disability or impairment, Plaintiff was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

29. The Defendants have engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

30. The unlawful practices engaged in by the Defendants include, but are not limited to, Defendants' conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and terminating the Plaintiff.

31. But for the Defendants' intent to discriminate against Plaintiff because of his status as a qualified person with a disability, Defendants would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## FEDERAL AND STATE FAMILY AND MEDICAL LEAVE ACTS

32. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

33. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(1) of the federal Family and Medical Leave Act (FMLA) and applicable sections of the Rhode Island family leave statute.

34. At all times material to the allegations of this Complaint, the Plaintiff qualified as an eligible employee under §101(2) of the FMLA and applicable sections of the Rhode Island family leave statute.

35. The Plaintiff was entitled to a total of 12 work weeks of medical leave under the provisions of the FMLA (13 weeks under the Rhode Island statute), or to whatever more extensive benefit was provided by Defendants.

36. Plaintiff anticipated reinstatement to the position he had vacated or to a substantially equivalent position, within his statutorily protected leave period.

37. The Defendants terminated the Plaintiff in violation of the provisions of the FMLA, Rhode Island law, and its own policies.

38. As a result of the Defendants' unlawful conduct, Plaintiff has suffered and is continuing to suffer lost wages, lost employment, and other significant damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**TERMINATION**
**R.I.G.L. SECTION 42-112-1**

39. The allegations contained in Paragraphs 1-25 above are incorporated herein by reference in their entirety.

40. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability/medical leave status;
b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;
c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability/medical leave status;
d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

41. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's disability/leave status or because they perceived Plaintiff to have a disability. Such practices include, but are not limited to, Defendants':

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of his disability status/leave status;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability/medical leave status; and

c.) terminating Plaintiff.

42. But for the Defendants' intent to discriminate against Plaintiff because of his disability/medical leave status, Defendants would not have subjected him to discriminatory terms and conditions of employment, retaliated against him, or terminated his employment.

43. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability/medical leave status. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMODATE**
**TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

44. Paragraphs 1-25 above are herein incorporated by reference in their entirety.

45. Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of his disability/leave status or because they considered him to have a disability, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

46. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability/medical leave status;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability/medical leave status;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

47. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status. Such practices include, but are not limited to, Defendants':

a.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability/medical leave status;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

c.) terminating the Plaintiff.

48. But for the Defendants' intent to discriminate against Plaintiff because of his disability/medical leave status, Defendants would not have subjected him to discriminatory terms and conditions of employment, or terminated his employment.

49. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT V**
**THE RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**
**TITLE 28**
**SECTION 28-50-1**

50. Paragraphs 1-25, above, are incorporated herein, by reference, in their entirety.

51. Defendants have discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of his employment, because he cooperated with a terminated co-employee in asserting her rights before the Rhode Island Department of Labor and Training.

52. Defendants conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. 'Section 28-50-1 et seq.

53. As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendants and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability status;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Richard Shaw,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)