**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD SHAW,**
Plaintiff

C.A. No. 06-233-ML

v.

**LINCOLN EDUCATIONAL SERVICES CORPORATION**; **CAREER EDUCATION INSTITUTE**
Defendants

## STATEMENT FOR RULE 16 CONFERENCE

## I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was commenced by **Richard Shaw** (hereafter "Shaw" or "Plaintiff") against **Lincoln Educational Services Corporation and Career Education Institute** (hereafter "Lincoln" or "Employer" or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

## II. STATEMENT OF FACTS

The Plaintiff, Richard Shaw, an individual, is a citizen and resident of Attleboro, Massachusetts. On information and belief, Lincoln Educational Services Corporation (hereinafter referred to as "Defendant") is a foreign corporation, authorized by appropriate state authority to conduct business in the State of Rhode Island. Upon information and belief, the Defendant Lincoln Educational Services Corporation owns and operates a principal place of business, Career Education Institute ("CEI"), located at 622 George Washington Highway, Lincoln, RI 02865, at which location the Plaintiff was employed at all times material to this Complaint.

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.

Plaintiff had been employed by the Defendant consecutively, and on a full-time basis for approximately 2 years, prior to his termination, on or about July 21, 2005. At the time of his termination, Shaw held the position of Academic Dean, and at all times performed his duties in a satisfactory manner, exceeding the Defendants' legitimate expectations in all significant respects. At all times material to the allegations of this Complaint, except for a brief period during which he was on an approved medical leave, Plaintiff was able, with or without reasonable accommodation, to perform the essential functions of his position.

At all times material to the allegations of this Complaint, Plaintiff suffered from certain medical impairments, including, but not limited to, severe stress and resulting medical limitations. Defendants were fully apprised and informed by the Plaintiff regarding his medical impairment(s). Plaintiff's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to concentrate, his ability to sleep, his ability to think, as well as his ability to work.

On or about June 21, 2005, Shaw commenced a medical leave of absence, with appropriate documentation provided by his treating physician. This leave was directed by Shaw's medical care providers, qualifies as a reasonable accommodation to his medical condition(s) and impairment(s), and was his legal entitlement under applicable state and federal medical leave statutes. Shaw provided documentation to his employer, indicating that he was under medical care and specifying the exact periods during which he required a medical leave from his employment. That leave was not anticipated to extend beyond 12 weeks, or any period to which he was entitled under the provisions of the federal FMLA and/or its state law counterpart (13 weeks) or the employer's existing policies relative to employee medical leave.

On or about July 21, 2005, Shaw was terminated while he was on medical leave, allegedly for having failed to comply with certain obligations imposed by the Defendants regarding his medical leave, involving recordkeeping and notification/response to the employer. On the contrary, Shaw contends that the Defendants discriminated against him because of his medical leave/disability status; and also in an effort to retaliate against him, because, while he was on medical leave, he cooperated with another previously discharged employee, Vivianne C. Baillargeon, by agreeing to provide testimony on her

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.

behalf in the context of a hearing before the Rhode Island Department of Labor and Training (DLT). It was shortly after Shaw was identified as a cooperative witness in that DLT case, in support of an employee who had been terminated, that he himself was terminated for what he alleges were pretextual reasons.

**III. TRIAL ISSUES**:

This case presents fairly straightforward issues involving medical leave rights and claims of retaliation. No unusual trial issues are anticipated. Another case was subsequently filed in this Court, involving the same Defendants and the above-referenced DLT claimant **– *Vivianne C. Baillargeon v. Lincoln Educational Services Corporation et al*, Case No. 06-261-T.**

Respectfully Submitted,
Richard Shaw,
By His Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certification

I hereby certify that a true and complete copy of the above was served upon the Defendants' counsel of record, on September 19, 2006, by FAX and regular first class mail, postage prepaid, to : Anthony J. DiOrio, Jackson Lewis LLP, 4th Floor, Providence, RI 02903.

/s/ Stephen T. Fanning

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.